# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3640 | **DATE** | 3/15/2011 |
| **CASE TITLE** | CYNTHIA BERRY v. CHICAGO TRANSIT AUTHORITY | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for attorney's fees [134] is denied. Defendant's bill of costs [146] is granted in part. Defendant is awarded $4,877.35 in costs. **SEE BELOW FOR DETAILS.**

*/s/ Suzanne B. Conlon*

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Cynthia Berry sued her former employer, the Chicago Transit Authority ("CTA"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for sex discrimination and a hostile work environment. The court granted summary judgment to the CTA, but on appeal the Seventh Circuit remanded the hostile work environment claim for trial. *See* Dkt. Nos. 75–77, 88. The jury returned a verdict for the CTA. *See* Dkt. Nos. 126–28. Pending are Berry's motion for attorney's fees for prevailing on appeal and the CTA's bill of costs.

### I. Plaintiff's motion for attorney's fees

Berry's attorney, Armand Andry, moves for an award of attorney's fees under 42 U.S.C. § 1988 for work done in prevailing in part on appeal. The CTA opposes an award of fees because Berry is not a "prevailing party" as defined by the Supreme Court: she later lost at trial.

Berry is not a prevailing party. Prevailing-party status requires that a party "prevail[ ] on the merits of at least some of [her] claims," resulting in a "determination of the substantial rights of the parties." *Hanrahan v. Hampton*, 446 U.S. 754, 757–58 (1980). An appellate holding that Berry is entitled to a trial on one of her issues is not sufficient. *Id.* at 758; *see Richardson v. Penfold*, 900 F.2d 116, 118–19 (7th Cir. 1990) (reversing interim award of attorney's fees for prevailing on appeal because "[u]nless and until [plaintiff] obtains damages at trial or a positive monetary settlement in lieu thereof, he will not be a prevailing party"). Because Berry did not prevail at trial, she is not entitled to attorney's fees.

### II. Defendant's bill of costs

The CTA seeks $5,979.29 in costs from Berry after prevailing at summary judgment on the sex discrimination claim and at trial on the hostile work environment claim. Prevailing parties are presumptively

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

entitled to an award of those costs allowed by statute. 28 U.S.C. § 1920; FED. R. CIV. P. 54(d)(1); *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009). Berry, now proceeding *pro se*, filed an objection, attaching copies of medical evaluations. Construing her submission generously, it appears she is arguing she is unable to work because of a back injury and cannot pay the CTA's costs. However, she must show not only that she is currently unable to pay costs but also that she will be unable to do so in the future. *McGill v. Faulkner*, 18 F.3d 456 (7th Cir. 1994). She has not made such a showing. Although she did not raise specific objections, the court must still ensure that all costs are allowed under § 1920, are reasonable, and are necessary to the litigation. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701-02 (7th Cir. 2008).

The CTA seeks $1,226.00 in costs for private process servers to serve subpoenas on nine trial witnesses. The cost of serving a subpoena is recoverable, but only to the extent the cost does not exceed the marshal's set fees. 28 U.S.C. § 1920(1); *Collins v. Gorman*, 96 F.3d 1057, 1059-60 (7th Cir. 1996). The marshal's hourly rate is currently $55 per hour. 28 C.F.R. § 0.114. The CTA lists the hours the process servers expended serving or attempting to serve the witnesses and attach documentation from the servers. For five of the witnesses, the CTA lists 2.18 hours expended and requests $120 in reimbursement. However, $55 x 2.18 = $119.90. The service fees are otherwise correct. Accordingly, the award is reduced by $0.50.

The CTA seeks $400 for fees paid to ten trial witnesses and attaches copies of checks or other receipts. Section 1920(3) allows recovery for witness fees, regardless whether the witness actually testified. *Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1442 (7th Cir. 1994). The Judicial Conference set the daily witness fee at $40. *See* Fee Schedule, http://www.ilnd.uscourts.gov/home/FeeSchedule.aspx (effective April 9, 2006). The full amount is recoverable.

The CTA seeks $3,036.80 in costs for depositions and transcripts used to prepare for trial. Section 1920(2) allows recovery of fees for transcripts necessarily obtained for used in the case. There is no indication that any of the nine depositions were unnecessary. The attached invoices demonstrate that each deposition transcript was an original and that the CTA was charged $2.95 per page for some depositions, $3.25 per page for others, and $2.90 for another, depending on the reporting service used. The rates are below the $3.65 per page limit set by the Judicial Conference of the United States for an original transcript and therefore allowed. Gen. Order 07-0024, N.D. Ill., http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/tfee0203.pdf (updated Oct. 29, 2007). Similarly, the court reporter appearance fees are recoverable. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). The rate of $32 per hour is reasonable. *See Buffone v. Rosebud Rest., Inc.*, No. 05 C 5551, 2006 WL 3196931, at *2 (N.D. Ill. Oct. 31, 2006) (Conlon, J.) ($55 per hour reasonable court reporter attendance fee). However, the delivery and handling charges are not recoverable. Delivery and handling is an ordinary business expense and not recoverable. *Bogan v. City of Chicago*, No. 09 C 3852, 2010 WL 2635789, at *2 (N.D. Ill. June 28, 2010) (Kennelly, J.). Nor is the fee for a condensed transcript recoverable. The CTA has not shown the condensed transcripts were necessary to the litigation and not merely for the convenience of the attorneys. *Garcia v. City of Chicago*, No. 08 C 5354, 2010 WL 4134996, at *1 (N.D. Ill. Oct. 12, 2010) (Gottschall, J.). Accordingly, the award is reduced by $30.

The CTA seeks to recover $107.85 in copying costs. Section 1920(4) permits fees for the cost of making necessary copies of documents for use in the case. A document is for use in the case if it was "actually prepared for use in presenting evidence to the court." *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). The CTA must provide information about the copying costs for the court to determine whether the costs were necessary. *Telular Corp. v. Mentor Graphics Corp.*, 01 C 431, 2006 WL 1722375, at *4 (N.D. Ill. June 16, 2006) (Brown, Mag. J.). Copying documents for production in discovery is necessary and recoverable. *Ochana v. Flores*, 206 F. Supp.2d 941, 946 (N.D. Ill. 2002) (Alesia, J.). For documents filed with

| STATEMENT |
|---|

the court, only copies for the court and one copy for opposing counsel are necessary. *Id.* Copies made for the convenience of counsel are not recoverable. *Id.* The $0.15 per page rate is reasonable. *Askew v. City of Chicago*, No. 04 C 3863, 2006 WL 1005167, at *3 (N.D. Ill. Apr. 12, 2006) (Conlon, J.)

The CTA may recover the cost of providing a courtesy copy of its filings to the court. However, the CTA also seeks reimbursement for "the electronically-filed document." It is unclear why the CTA needs a copy to file a document electronically. Recovery for the extra set is denied. The CTA seeks reimbursement for copies of Berry's court filings. The CTA does not state why it was necessary copy Berry's filings. This cost is denied. The CTA seeks recovery for a copy of this court's summary judgment opinion and the Seventh Circuit's opinion. This is unrelated to presenting evidence to the court and is not recoverable. *McIlveen*, 910 F.2d at 1584 (concluding § 1920(4) "does not encompass Stone's copying of court filings for its own use"). The CTA seeks recovery for two copies of its responses to Berry's discovery requests. Because the CTA had the originals in its possession, it may recover only for the copy provided to Berry and not for the copy it kept. *See Rosas v. City of Chicago*, No. 09 C 3605, 2010 WL 4038792, at *1 (N.D. Ill. Oct. 14, 2010) (Leinenweber, J.). Finally, the CTA requests reimbursement for two copies of interrogatories to Berry. Neither is recoverable. The interrogatories provided to Berry are the original, not a copy, and the retained copy was for the attorney's convenience.

Therefore, the CTA may recover the following copying costs:

| Type of document | Pages | Page rate | Total |
|---|---|---|---|
| CTA's court filings | 228 | $0.15 | $34.20 |
| CTA's discovery responses | 17 | $0.15 | $ 2.55 |
| **Total** | | | **$36.75** |

The CTA seeks $1208.64 for exemplification costs. Section 1920(4) allows exemplification fees to be recovered. When deciding whether to allow a particular type of exemplification, a court considers "whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428–29 (7th Cir. 2000). An exemplification was necessary if it was "vital to the presentation of the information" and not just "a convenience or, worse, an extravagance." *Id.*

The CTA may not recover the requested $900 for a projector, screen, set-up and delivery. The CTA contends the equipment was necessary to allow the lawyers to quickly and easily point to relevant parts of the documents used at trial. However, the projector was not necessary to the effective presentation of the evidence. The heart of the case was Berry's credibility as compared with CTA eyewitnesses, not documentary evidence. Some displayed documents were virtually illegible, the projector did not help the jury understand them, and documents received in evidence were sent to the jury for their review.

The CTA may recover part of the $113.64 requested for the trial binders given to the court and to defense counsel. It was unnecessary to include copies of impeachment materials in the binders. Therefore, the award is reduced by $2.84 (one tab at $0.30 per binder and eight pages at $1.12 per binder).

Finally, the CTA seeks $195 for a photograph blown up and mounted on a 30x40 inch foam board. It argues the photograph was central to its case and was repeatedly used by both Berry and the CTA. The court agrees that the photograph was useful in presenting the case. However, $195 is excessive for what is essentially a blown-up photograph. Therefore, the award is reduced by half to $97.50.

*Suzanne B. Conlon* (signature)